UNITED STATES of America,
Plaintiff-Appellant,

v.

Sam VAGLICA, Steve Guggino, Henry
Trafficante, Berthold John Haas and Is-
abel Margaret Seeley, Defendants-Appel-
lees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Alfonso SCAGLIONE, Wade Robert West-
moreland, Julius L. Richardson, Peter
Richardson, Phyllis A. Moore, a/k/a
Annie Moore, and Oliver Hurley, De-
fendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Luis Henry FIGUEREDO, Jr., Louis Hen-
ry Figueredo, Sr., Guy Stein, Sr., Omer
Thomas Caron, Charline Albritton,
James I. Black, Manuel Llano and A. T.
Edwards, Defendants-Appellees.

UNITED STATES of America,
Plaintiff-Appellant,

v.

Salvatore CASTELLANA, Joseph Carl
Castellana, James Camilo Castellana,
Helen Louise Hawkins and Thomas Hen-
ry Peterson, Defendants-Appellees.

Nos. 73–1149, 73–1255, 73–1256 and 73–1588.

United States Court of Appeals,
Fifth Circuit.

March 8, 1974.

John L. Briggs, U. S. Atty., Jackson-
ville, Fla., Claude H. Tison, Jr., Asst. U.
S. Atty., Tampa, Fla., for the United
States.

John S. Matthews, Henry Gonzalez,
Thomas J. Hanlon, Tampa, Fla., for Sam
Vaglica and others.

Jack T. Edmund, Robert E. Pyle, Lake
Alfred, Fla., for Alfonso Scaglione and
others.

Barry Cohen, Paul Antinori, Jr., Ray-
mond E. LaPorte, Richard A. Bokor,
Henry Gonzalez, Tampa, Fla., Clinton A.
Curtis, Kenneth L. Connor, Lake Wales,
Fla., John D. Demmi, Tampa, Fla., J.
Hardin Peterson, Lakeland, Fla., for
Luis Henry Figueredo, Jr., and others.

Henry Gonzalez, Robert W. Knight,
Tampa, Fla., for Salvatore Castellana
and others.

Before THORNBERRY, SIMPSON
and CLARK, Circuit Judges.

PER CURIAM:

In each of these appeals, which we
consolidated for oral argument, the Gov-
ernment is challenging a district court's
dismissal of an indictment count charg-
ing multiple defendants with conspiracy
to conduct an illegal gambling enterprise
in violation of 18 U.S.C. §§ 371 and
1955. The district court dismissed the
count in each case on the ground that it
violated Wharton's Rule.[1] We have re-

---

1. " . . . When to the idea of an offense
plurality of agents is logically necessary, con-
spiracy . . . cannot be maintained

. . . " 2 Wharton, Criminal Law § 1604,
at 1862 (12th ed. 1932).

**800**

served our holding in these cases pending the court's disposition of an earlier-argued case involving exactly the same issue. We have now held in United States v. Pacheco, 5th Cir. 1974, 489 F. 2d 554, that a two count indictment charging both a substantive violation of and a conspiracy to violate 18 U.S.C. § 1955 does not violate Wharton's Rule. Therefore, we reverse the district court's dismissals and remand for trial. *See* United States v. Pacheco, *supra*.

Reversed and remanded.

