490 F.2d 799
 UNITED STATES of America, Plaintiff-Appellant,
v.
Sam VAGLICA, Steve Guggino, Henry Trafficante, Berthold John
Haas and IsabelMargaret Seeley, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
Alfonso SCAGLIONE, Wade Robert Westmoreland, Julius L.
Richardson, PeterRichardson, Phyllis A. Moore,
a/k/a Annie Moore, and Oliver Hurley,
Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
Luis Henry FIGUEREDO, Jr., Louis Henry Figueredo, Sr., Guy
Stein, sr., OmerThomas Caron, Charline Albritton,
James I. Black, Manuel Llano and A.
T.Edwards, Defendants-Appellees.
UNITED STATES of America, Plaintiff-Appellant,
v.
Salvatore CASTELLANA, Joseph Carl Castellana, James Camilo
Castellana, HelenLouise Hawkins and Thomas Henry
Peterson, Defendants-Appellees.
 Nos. 73-1149, 73-1255, 73-1256 and 73-1588.
 United States Court of Appeals, Fifth Circuit.
 March 8, 1974.
 
 John L. Briggs, U.S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U.S. Atty., Tampa, Fla., for the United States.
 John S. Matthews, Henry Gonzalez, Thomas J. Hanlon, Tampa, Fla., for Sam Vaglica and others.
 Jack T. Edmund, Robert E. Pyle, Lake Alfred, Fla., for Alfonso Scaglione and others.
 Barry Cohen, Paul Antinori, Jr., Raymond E. LaPorte, Richard A. Bokor, Henry Gonzalez, Tampa, Fla., Clinton A. Curtis, Kenneth L. Connor, Lake Wales, Fla., John D. Demmi, tampa, Fla., J. Hardin Peterson, Lakeland, Fla., for Luis Henry Figueredo, Jr., and others.
 Henry Gonzalez, Robert W. Knight, Tampa, Fla., for Salvatore Castellana and others.
 Before THORNBERRY, SIMPSON and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In each of these appeals, which we consolidated for oral argument, the Government is challenging a district court's dismissal of an indictment count charging multiple defendants with conspiracy to conduct an illegal gambling enterprise in violation of 18 U.S.C. 371 and 1955. The district court dismissed the count in each case on the ground that it violated Wharton's Rule.[1] We have reserved our holding in these cases pending the court's disposition of an earlierargued case involving exactly the same issue. We have now held in United States v. Pacheco, 5th Cir. 1974, 489 F.2d 554, that a two count indictment charging both a substantive violation of and a conspiracy to violate 18 U.S.C. 1955 does not violate Wharton's Rule. Therefore, we reverse the district court's dismissals and remand for trial. See United States v. Pacheco. supra.
 
 
 2
 Reversed and remanded.
 
 
 
 [1]
 '. . . When to the idea of an offense plurality of agents is logically necessary, conspiracy . . . cannot be maintained . . .' 2 Wharton, Criminal Law 1604, at 1862 (12th ed. 1932)